Judith SHANGOLD, Ronnie Niederman, Plaintiffs–Counter–Defendants–Appellants–Cross–Appellees,

v.

The WALT DISNEY CO., et al., Defendants–Counterclaimants–Appellees–Cross–Appellants.

Nos. 06–2267–cv (L), 06–5102–cv (XAP).

United States Court of Appeals, Second Circuit.

April 28, 2008.

Judith G. Shangold, Ronnie M. Niederman, New York, NY, pro se, for Appellants–Cross–Appellees.

Sanford M. Litvack (Katherine M. Bolger, of counsel), Hogan & Hartson LLP, New York, NY, for Appellees–Cross–Appellants.

PRESENT: Hon. ROBERT D. SACK, Hon. B.D. PARKER, Circuit Judges, Hon. MIRIAM GOLDMAN CEDARBAUM,* District Judge.

* The Honorable Miriam Goldman Cedarbaum, United States District Judge for the Southern District of New York, sitting by designation.

## SUMMARY ORDER

Plaintiffs Judith Shangold and Ronnie Niederman, appearing *pro se* before us, appeal from the January 12, 2006, 2006 WL 71672, order of the United States District Court for the Southern District of New York (William H. Pauley III, *Judge*) dismissing their complaint as a sanction, after finding that Shangold and Niederman had committed a fraud upon the court. Defendants Walt Disney Co. ("Disney"), several Disney subsidiaries, and Michael Chabon (collectively, "defendants") cross-appeal from the district court's October 11, 2006, 2006 WL 2884925, order awarding $10,000 in attorneys' fees. The defendants also move to strike an affidavit filed by Shangold and Niederman in this Court on the ground that the affidavit is not part of the record on appeal. We assume the parties' familiarity with the facts and procedural history of the case and the issues raised on appeal.

■ We grant the motion to strike the affidavit. "Ordinarily, material not included in the record on appeal will not be considered." *Loria v. Gorman*, 306 F.3d 1271, 1280 n. 2 (2d Cir.2002); *see also* Fed. R.App. P. 10(a)(1) (limiting the record on appeal to the papers and exhibits filed in the district court). Although Federal Rule of Appellate Procedure 10(e)(2) allows a court of appeals to consider evidence if it has been "omitted from or misstated in the record by error or accident," the plaintiffs have made no showing that the affidavit was mistakenly left out of the record on appeal. We have therefore not considered it in reaching our decision. *See Leibowitz v. Cornell Univ.*, 445 F.3d 586, 592 n. 4 (2d Cir.2006) (declining to supplement the record with new evidence where appellant did not show that it was mistakenly omitted from the record on appeal).

■ This Court reviews for abuse of discretion a district court's dismissal of a complaint as a sanction. *See Baffa v. Donaldson, Lufkin & Jenrette Sec. Corp.*, 222 F.3d 52, 57 (2d Cir.2000) (stating that a district court's award of sanctions under its inherent powers or Fed.R.Civ.P. 11 is reviewed for abuse of discretion); *West v. Goodyear Tire & Rubber Co.*, 167 F.3d 776, 779 (2d Cir.1999) (reviewing dismissal of a complaint for spoliation of evidence for abuse of discretion); *Jones v. Niagara Frontier Transp. Auth.*, 836 F.2d 731, 734 (2d Cir.1987) ("A district court's choice of sanction should not be disturbed on appeal unless that choice constitutes an abuse of discretion."). While dismissal is indeed a "harsh sanction," *In re Harris*, 464 F.3d 263, 272 (2d Cir.2006), a district court has the inherent power to sanction parties in order to "manage [the court's] affairs so as to achieve the orderly and expeditious disposition of cases," *Revson v. Cinque & Cinque, P.C.*, 221 F.3d 71, 78 (2d Cir.2000) (quotation marks omitted).

Here, the defendants established, by clear and convincing evidence, that Shangold and Niederman submitted fraudulent evidence to the district court in order to bolster their claim of copyright infringement. The "T1a treatment" that Shangold and Niederman submitted to the district court, and claimed to have written in the spring of 1995, was shown to be fraudulent. The treatment contained various references to a character's "Palm Pilot," a handheld computing device. The defendants established that palmOne, Inc., the company that manufactures the Palm Pilot, did not itself refer to the device by that name, even for internal corporate purposes, until late 1995. The name was not known to the public until early 1996— months after Shangold and Niederman claimed to have written the treatment.

Both Shangold and Niederman offered testimony that the district court properly found to be false, at their respective depositions, in order to bolster their claims and continue the fraud. While dismissal is a harsh sanction, it "is appropriate if there is a showing of willfulness, bad faith, or fault on the part of the sanctioned party." *West*, 167 F.3d at 779. Shangold's and Niederman's repeated false statements show their willfulness and bad faith. Their actions resulted in significant costs to the defendants. We conclude, then, that dismissal was not an abuse of discretion.

We "review a [district] court's decision to award or deny attorneys' fees for abuse of discretion and its calculation of those damages *de novo*." *Reiter v. MTA N.Y. City Transit Auth.*, 457 F.3d 224, 229 (2d Cir.2006). When determining the amount of fees to be awarded, the district court ordinarily begins by employing the lodestar method, which calculates: (1) the reasonable hourly rate; and (2) the number of hours reasonably expended. *See Seitzman v. Sun Life Assurance Co.*, 311 F.3d 477, 487 (2d Cir.2002). The district court may also consider a variety of factors, including "frivolousness, motivation, objective unreasonableness (both in the factual and in the legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence." *See Matthew Bender & Co. v. West Publ'g Co.*, 240 F.3d 116, 121 (2d Cir.2001) (citations and internal quotation marks omitted).

■ On appeal, neither party challenges the district court's determination that the defendants' application for fees was reasonable. The defendants argue, however, that the district court should not have considered Shangold's and Niederman's financial condition when setting the award, and that the court erred in labeling the decision to award attorneys' fees an equitable matter. We have noted, however,

that "fee awards are at bottom an equitable matter, [and] courts should not hesitate to take the relative wealth of the parties into account." *Faraci v. Hickey–Freeman Co.*, 607 F.2d 1025, 1028 (2d Cir.1979) (citation omitted); *see also Toliver v. County of Sullivan*, 957 F.2d 47, 49 (2d Cir.1992) (same, quoting *Faraci* ); *Cohen v. West Haven Bd. of Police Comm'rs*, 638 F.2d 496, 505 (2d Cir.1980) ("[W]e have held that, in setting a fee, the court may take into account the relative wealth of the parties. . . .").

The district court set forth on the record its basis for reducing the award. *See Cohen*, 638 F.2d at 505–06 (stating that, when the district court reduces a fee award, it "must state its reasons for doing so as specifically as possible") (internal quotation marks omitted). The court noted that its decision was based on the financial statements submitted by Shangold and Niederman. The statements showed that the two had few assets between them and that their expenses almost entirely consumed their income.

The district court employed the correct legal standard in granting the award, *see Knitwaves, Inc. v. Lollytogs Ltd.*, 71 F.3d 996, 1012 (2d Cir.1995) ("We may reverse an award of attorney's fees . . . if the district court applied the wrong legal standard . . . ."), and did not base its decision on a clearly erroneous assessment of the evidence, *see Kerin v. U.S. Postal Serv.*, 218 F.3d 185, 188 (2d Cir.2000) (holding that a district court abuses its discretion regarding attorneys' fees if its award is based on a "clearly erroneous assessment of the evidence") (quotation marks omitted).

We are not at all unsympathetic to the defendants' position that the misbehavior, including but not limited to fraud, in which the district court found the plaintiffs to have engaged resulted in substantial un-

necessary expenditures by the defendants. It warrants serious sanction. But we also note that Shangold and Niederman were represented by counsel before the district court. That court was in a far better position than we are, in rendering the fee decision, to determine the extent to which the plaintiffs' counsel and not the plaintiffs themselves may have been at fault.

The district court's award of attorneys' fees is therefore affirmed.

For the foregoing reasons, the judgment of the District Court is hereby AF-FIRMED.