21-521-cv
*Esposito v. Suffolk Cnty. Cmty. College, et al.*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007 IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

**At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 17th day of January, two thousand twenty-three.**

PRESENT:
>    GUIDO CALABRESI,
>    DENNY CHIN,
>    JOSEPH F. BIANCO,
>        *Circuit Judges.*

_____

Frances C. Esposito,

>        *Plaintiff-Appellant*,

>    v.                                                          21-521-cv

Suffolk County Community College, Nancy Gerli, Diane Bosco, Jeffrey Tempera,

>        *Defendants-Appellees*.

_____

| | |
|---|---|
| FOR PLAINTIFF-APPELLANT: | ROBERT G. LEINO (Frances C. Esposito, *pro se*, Ronkonkoma, NY, *on the brief*), New York, NY. |
| FOR DEFENDANTS-APPELLEES: | DANA L. KOBOS, Assistant County Attorney, *for* Dennis M. Cohen, Suffolk County Attorney, Hauppauge, NY. |

Appeal from a judgment of the United States District Court for the Eastern District of New York (Brown, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-appellant Frances Esposito appeals from the district court's judgment dismissing her complaint as a sanction for her forgery of medical evidence, and requiring Esposito to pay sanctions in the amount of $5,000.00. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues on appeal, to which we refer only as necessary to explain our decision to affirm.

In August 2016, Esposito commenced this litigation against defendants-appellees Suffolk County Community College and three of its employees (collectively, "SCCC") for employment discrimination based on disability. Following extensive discovery, SCCC uncovered allegedly forged documents. SCCC subsequently moved both to dismiss and for sanctions, arguing that Esposito perpetrated a fraud on the court by forging letters from her doctors to support her claim. On May 4, 2019, District Judge Arthur J. Spatt issued a decision denying the SCCC's motion, in part, and reserving decision as to the authenticity of the letters allegedly written by two of Esposito's treating physicians, Dr. Michael Campo and Dr. Gary DiCanio. Judge Spatt referred the matter to Magistrate Judge Arlene R. Lindsay for an evidentiary hearing regarding the letters' authenticity. On May 22 and May 30, 2019, Magistrate Judge Lindsay held an evidentiary hearing, during which she found that the documents attributed to Dr. Campo had been forged. She referred her findings to Judge Spatt to review the record *de novo* and to decide what, if any, action should be taken. On July 26, 2019, after conducting a *de novo* review of the evidence and testimony

2

presented at the evidentiary hearing, Judge Spatt concurred with Magistrate Judge Lindsay's findings in their entirety. Judge Spatt then imposed a $5,000 sanction and awarded attorneys' fees and costs to SCCC, but declined to dismiss the action. On August 23, 2019, SCCC moved for more than $80,000 in attorneys' fees and costs. On November 8, 2019, Judge Spatt recused himself from the case, and on January 29, 2020, the matter was reassigned to District Judge Gary R. Brown. In response to SCCC's motion for fees and costs Esposito cross-moved to vacate the monetary sanctions. After reviewing the submissions of the parties and conducting his own *de novo* review of the evidentiary hearing transcript and documents, Judge Brown denied SCCC's motion for imposition of attorneys' fees and costs, granted Esposito's motion in part (by vacating the fee award based on her inability to pay, but ordering her to pay the $5,000 sanction), and dismissed the action as a further sanction for Esposito's misconduct. This appeal followed.

We review a sanctions order, including dismissal, for abuse of discretion; we review the underlying factual findings for clear error. *Fishoff v. Coty Inc.*, 634 F.3d 647, 654 (2d Cir. 2011); *Agiwal v. Mid Island Mortg. Corp.*, 555 F.3d 298, 302 (2d Cir. 2009) (per curiam). "Under the clear error standard, we 'may not reverse [a finding] even though convinced that had [we] been sitting as the trier of fact, [we] would have weighed the evidence differently.'" *Mobil Shipping & Transp. Co. v. Wonsild Liquid Carriers Ltd.*, 190 F.3d 64, 67 (2d Cir. 1999) (alterations in original) (quoting *Anderson v. Bessemer City*, 470 U.S. 564, 574 (1985)). "Rather, a finding is clearly erroneous only if 'although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed.'" *Id.* at 67–68 (quoting *Anderson*, 470 U.S. at 573).

Esposito argues that the district court's findings that she forged the documents at issue were clearly erroneous, and that the district court abused its discretion by dismissing her claims as a sanction for the forgeries. We find these arguments unpersuasive.

First, with respect to the district court's findings that she forged and/or fabricated documents, Esposito contends that there were errors in the district court's fact-finding process, including in its credibility determinations during the evidentiary hearing. We discern no clear error in the district court's findings of fact. Magistrate Judge Lindsay conducted a comprehensive evidentiary hearing, which included testimony from Esposito, Dr. Campo, Dr. DiCanio, office staff, and several college officials. Based upon that hearing, Magistrate Judge Lindsay found that SCCC had established by clear and convincing evidence that Esposito had forged Dr. Campo's records. There was more than sufficient support in the record for that finding, including testimony from Dr. Campo during which he denied writing an August 9, 2005 note that he allegedly authored and signed; he stated that the note was not part of his certified medical record and was inconsistent with his medical findings regarding Esposito at that time. Magistrate Judge Lindsay rejected Esposito's claim during the hearing that, with the assistance of someone on Dr. Campo's staff, Esposito made changes to her own treatment note and that the staff person approved the changes. Magistrate Judge Lindsay specifically found that plaintiff's testimony "is simply not believable," explaining that the testimony was not only contradicted by Dr. Campos's testimony and that of his staff, but also was inconsistent with the fact that no copy of that note was in her medical file. App'x at 232–34. Although Esposito disagrees with Magistrate Judge Lindsay's credibility assessments, which were adopted after *de novo* review of the record by both Judge Spatt and Judge Brown, there is no basis to disturb those well-supported credibility assessments. *See Ceraso v.*

4

*Motiva Enters., LLC*, 326 F.3d 303, 316 (2d Cir. 2003) ("In reviewing findings for clear error, we are not allowed to second-guess either the trial court's credibility assessments or its choice between permissible competing inferences."); *see also Anderson*, 470 U.S. at 574 ("Where there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous.").

Second, Esposito argues that the district court violated the law of the case doctrine by reconsidering its prior order, in which it had concluded that lesser sanctions were sufficient. However, that "doctrine is admittedly discretionary and does not limit a court's power to reconsider its own decisions prior to final judgment." *DiLaura v. Power Auth. of State of N.Y.*, 982 F.2d 73, 76 (2d Cir. 1992) (internal quotation marks and citation omitted). "[T]he major grounds justifying reconsideration are an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Id.* (internal quotation marks and citation omitted).

Here, Judge Brown re-visited the sanctions issue based upon an assessment of additional duplicitous conduct by Esposito not considered by Judge Spatt:

> In awarding sanctions short of dismissal—which, of course, does represent an extreme penalty—Judge Spatt noted that "the forgery of the Campo notes is the only duplicitous behavior that the Defendants established by clear and convincing evidence[.]" Particularly in light of the record now before the Court, a different conclusion is warranted. Plaintiff engaged in dishonest, manipulative behavior that ranged far beyond the forgery of Dr. Campo's notes. As discussed above, these efforts by plaintiff—many of which are incontestable—included: (1) submitting false and fraudulent documents to the EEOC well before the filing of this action; (2) attesting to her counsel in 2016 the accuracy of the complaint herein, which is replete with references to fictitious events and the fraudulently created forgeries; (3) offering false testimony at her deposition in 2018; (4) obtaining, or attempting to obtain, additional documents to support her perjurious testimony at or around the time of her deposition; and (5) offering unequivocally false testimony before the

5

Magistrate Judge at an evidentiary hearing in 2019. Standing alone, these events clearly constitute an extended pattern of duplicitous behavior.

App'x at 266–67 (internal citations and footnotes omitted). Judge Brown also considered

Esposito's troubling conduct since Judge Spatt's ruling:

Equally important is the subsequent history of this matter. At this writing, nearly 18 months have elapsed since this Court—through independent decisions by Judges Spatt and Lindsay—condemned plaintiff's "egregious" behavior, specifically noting that the misdeeds "occurred as a product of intentional bad faith" and decrying that they "were not corrected by the Plaintiff." Notwithstanding this disconcerting history, litigation has continued unabated, while plaintiff has taken no steps to correct the record or otherwise compensate for her contumacious conduct. No amendment has been made to the complaint, which is still laden with references to fictitious evidence. A review of the massive record reveals nothing filed by plaintiff to correct the perjurious testimony offered either at her deposition or at the evidentiary hearing in this Court. Countless days and significant costs have been expended by defense counsel and the Court in endeavoring to ferret out the falsehoods unreservedly fabricated by the plaintiff, yet the record remains bereft of any effort by plaintiff to correct or otherwise remedy the numerous false, sworn statements made, the fabricated evidence created or the attendant harm inflicted by these acts.

App'x at 267–68 (internal citations omitted). In short, Judge Brown did not violate the law of the case doctrine but rather was well within his discretion in determining, after partially granting Esposito's request for reconsideration of the monetary sanctions Judge Spatt had previously imposed by vacating the award to SCCC of attorney's fees and costs, that "some additional remedy"—namely, dismissal—was necessary because of, *inter alia*, "[t]he need for deterrence." App'x at 272.

Finally, to the extent Esposito contends that the district court incorrectly concluded that the forged documents were material to her case and lesser sanctions would be insufficient, we disagree. As to the materiality of the forged documents, the district court reasonably concluded that the forged evidence was "central to [Esposito's] disability discrimination claims," App'x at 269,

6

because the record reflects that Esposito used the forged documents to support her claim that SCCC denied her requested accommodations. Specifically, she alleged that, in August 2005, she "provided SCCC with a note from her physician documenting the nature and scope of her disability, as well as the limitations resulting therefrom." Dist. Ct. Dkt. 1 (Complaint) at 7.

As to lesser sanctions being sufficient, the district court determined, relying on the history of the case—including Esposito's inability to pay substantial monetary penalties, and especially her failure to take any corrective action in the 18 months since Judge Spatt imposed the initial sanction, and her continued reliance on the forged documents in her response to the summary judgment motion—that it had "no confidence that [Esposito would] not continue to engage in misconduct, [could not] anticipate the testimony that [she] would offer before a jury, and [found] that her unrelenting, outrageous conduct thoroughly undermine[d] her credibility." App'x at 276. Based upon that record, we conclude that the district court did not abuse its discretion in concluding that "any lesser sanction, on this record, would fail to meet the needs of specific and general deterrence required by [Esposito's] conduct, or provide a just and efficient result in this case." App'x at 276; *see also Chambers v. NASCO, Inc.*, 501 U.S. 32, 45 (1991) (explaining that "outright dismissal of a lawsuit . . . is a particularly severe sanction, yet is within the court's discretion"); *Shangold v. Walt Disney Co.*, 275 F. App'x 72, 74 (2d Cir. 2008) (summary order) (concluding that dismissal was not an abuse of discretion when the plaintiffs' "repeated false statements show their willfulness and bad faith").

\*                \*                \*

7

We have considered Esposito's remaining arguments and find them to be without merit.

Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court